Filed 8/27/20  P. v. Godinez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B303577 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA307364) |
| v. | |
| RAFAEL ALEJANDRO GODINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In 2010, a jury convicted Rafael Alejandro Godinez of one count of first degree murder with special circumstances (Pen. Code, §§ 187, 190.2, subd. (a)(21))[1] and four counts of attempted murder. The jury also found true certain gang and gun enhancement allegations. (§§ 186.22, subd. (b), 12022.53, subds. (b)–(d).) The court sentenced Godinez to four consecutive terms of 25 years to life plus life without the possibility of parole and ordered him to pay a $200 restitution fine (former § 1202.4, subd. (b)) and $4,000 in victim restitution (§ 1202.4, subd. (f)).

Godinez appealed, and we affirmed the judgment in 2011. (*People v. Godinez* (Nov. 30, 2011, B228241) [nonpub. opn.].)

In 2019, Godinez filed a motion in the superior court challenging the victim restitution order based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). In particular, Godinez requested the appointment of counsel and a hearing at which the People would be required to demonstrate his ability to pay restitution. He also sought an order directing the Department of Corrections and Rehabilitation not to deduct funds from his inmate trust account.

On December 3, 2019, the trial court summarily denied the motion. Godinez filed a timely notice of appeal.

We appointed appellate counsel for Godinez, who filed a brief setting forth the pertinent procedural history and a summary of relevant facts, and raising no issues on appeal. Counsel requests that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel also notified Godinez that he would be filing the brief, that Godinez was entitled to file a supplemental brief with this court, and that counsel remained available to brief any issues upon our request.

---

[1] Subsequent statutory references are to the Penal Code.

On June 23, 2020, this court sent a letter to Godinez informing him that he may, within 30 days, "submit by brief or letter any grounds of appeal, contentions, or argument which appellant wishes this court to consider."

Godinez did not file a supplemental brief.

Because Godinez's appeal is from an order denying post-conviction relief, he is not entitled to our independent review of the record pursuant to *Wende*.  (See *People v. Cole* (2020) __ Cal.App.5th __ [2020 WL 4435275] (*Cole*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 (*Serrano*).)[2]  As both his counsel and this court informed him, however, Godinez is entitled to file a supplemental brief.  (See *Cole, supra*, __ Cal.App.5th __ [2020 WL 4435275 at p. *8]; cf. *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 6.)  When, as here, the appellant does not file a supplemental brief, we may deem the appeal to be abandoned and dismiss the appeal.  (See *Cole, supra*, __ Cal.App.5th __ [2020 WL 4435275 at p. *8]; *Serrano, supra*, 211 Cal.App.4th at p. 503.)

Even if we did not dismiss the appeal as abandoned under *Cole* and *Serrano*, dismissal of the appeal is required because the trial court did not have jurisdiction to grant the motion for the reasons given in *People v. Torres* (2020) 44 Cal.App.5th 1081, 1088

---

[2] Under *Cole*, in a criminal appeal from a post-conviction order to which *Wende* does not apply, counsel who finds no arguable issues is required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Cole, supra*, __ Cal.App.5th __ [2020 WL 4435275 at p. *7].) Regardless of whether *Wende* or *Cole* applies in this case, we are satisfied that Godinez counsel has fully complied with his responsibilities.

[trial court did not have jurisdiction to rule on *Dueñas* motion filed as a post-appeal collateral attack on judgment].

## DISPOSITION

The appeal is dismissed.
<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.

4